Thurman, C. J.
On March 6, 1854, the plaintiff, Shaver, and ethers, petitioned the trustees of Blue Rock township, Muskingum county, to lay out and establish a township road through the lands *498 of the defendant, Starrett, and others. Such proceedings were had that, on April 3, 1854, the road was established by the trustees, and $40, Starrett’s damages, assessed by the viewers, ordered to ho paid to Mm. He appealed to the probate court, by which reviewers were appointed, who reported in favor of establishing the road, with a slight variation, and assessed his damages at $50. • The court confirmed this report, and he filed a petition in error in the common pleas ; on the hearing of which, said order of confirmation was reversed. To reverse this judgment of reversal, the present petition is prosecuted.
It is unnecessary to notice the various assignments of error filed in the common pleas. There is one of then — going to the very foundation of the proceedings — that fully sustains the judgment *of the court, to wit, that Starrett’s land was taken for a qmblic use without compensation having been assessed by a jury.
The constitutionality of the statutory provisions for the establishment of township roads, has lately been questioned, upon the ground that the land appropriated for such roads is not taken for a jpublic use. If this were so, the invalidity of the statute would be-manifest, since tbe constitution provides (art. 1, see. 19) that “ private property shall ever be held inviolate,” and the only exception, to this rule is, that it shall he “ subservient to the public welfare.” It follows that it can not be taken for a mere private use; nor could it, I apprehend, were there no express constitutional provision upon the subject — and this for the plain reason, to say nothing more, that no such power has been delegated to the assembly.
But is a township road a mere private way, and tbe land appropriated for it taken for a mere private use? We do not think so,, and have held the contrary at the present term, in the case of Ferris et al. v. Bramble et al. It is true that that case arose under the former constitution, but that makes no difference, for that constitution also prohibited the taking of private property fox any but a public use.
The objections to tbe statute under this head are, that the road may be established if found necessary for the “ convenience ” of the applicant or ap]3licants, and their neighbors; that it is to be kept open and in repair at the expense of the applicants, and that it is not expressly declared by statute to be a public highway, but on fhe is denominated a “ or road.” These *499 provisions and characteristics, it is said, show that the road is not laid out for the public use.
It is unnecessary at this time to elaborately answer these objections, for it is not in this case that they were made; and, besides, I consider it more proper to refer to the opinion that will be drawn up in the case above mentioned. I will say, however, that if there is any validity in them, they were equally valid *against every township road law ever enacted in this state, and it is somewhat singular that their force was not perceived until after the lapse of nearly half a century.
What is a public use, and how many of the people must be interested in the establishment of a road before it can be said to be laid out for the “public welfare?” Is not a use public, when every person in the state has a right to it ? If so, why is not the use of a township road a public use ? It is true, it is kept open and in repair at the expense of the applicants, but they- have no more right in or over it than any other citizen or inhabitant. It is just as subject to public travel, just as free and open to every individual, as any other road in the state; and this public character is in nowise affected by the name given to it in the statute or the failure to call it a public highway.
But there must be a public necessity for the use, it is said, to justify taking private property for it. The words of the constitution are, “public welfare,” but I have no objection to the term “necessity,” provided that it be not used as synonymous with “ indispensable.” Eightly understood, I assent to the proposition; but what is a public necessity or the public welfare ? Must every citizen in the state have a particular interest in the establishment of a state road, every citizen of a county a like interest in respect to a county road, and every citizen of a township such an interest in a township road, before it can be said that they are required for the public welfare? I think this will hardly be pretended, and if not, then it must be admitted that the welfare — or the “ convenience,” which may mean the same thing — of a less number of the people may suffice. And applying the familiar maxim, that a law is to be construed with reference to its subject-matter — which is just as true of constitutions as of statutes — it will not be found difficult to say that the persons interested in the establishment of a mere township road need not be so numerous as would be required to create a public necessity for a state or road. A for the convenience of *500, 501 *the applicants and their neighbors, is what the statute requires, and if it be properly understood and be administered as it ought to bo — and not converted into an instrument to take private property for mere private advantage without any public necessity— we do not think the constitution will be violated in the particular I have been considering.
But there is a fatal objection to the present law, growing out of a provision in the existing, that was not contained in the former constitution. The statute makes no provision for a jury, in the proper sense of the term, to assess the damages of the property holder. This defect we-hold to bo fatal in the case of Lamb and McKee v. Lane, ante, 167, and after carefully reconsidering the grounds of that decision, with the aid of the reargument of them in this case, we find no reason to change our opinion, but, on the contrary, are more strongly confirmed in it.
The judgment of the common pleas must therefore be affirmed.